# Oatts v. First National Bank of Somerset.

(Decided June 24, 1932.)

H. C. KENNEDY for appellant.

VIRGIL P. SMITH, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—Reversing.

The First National Bank, appellee herein, brought suit against the appellant on two promissory notes signed by her and her husband, T. C. Oatts, one in the principal sum of $60 dated November 3, 1930, and payable six months after its date, and the other in the principal sum of $365 dated November 22, 1930, and payable four months after its date. These two notes are renewal notes, having their inception in two notes of like amounts executed in 1922 by the same parties as appear on the notes sued upon as well as by a Mrs. Eva Vaughn who has since died. The defense of the appellant was that the original notes and all the renewals, including those sued upon herein, were signed and executed by her as surety for her husband, T. C. Oatts, who was the principal in said notes, and hence she was not liable under the provisions of section 2127 of the Statutes. This the bank denied, and on this issue of suretyship the case went to the jury, which found for the bank. From the judgment entered on the verdict, this appeal is prayed.

But two witnesses testified in the case, T. C. Oatts for the appellant and Joe H. Gibson, cashier of the appel-

lee, for it. The evidence has been brought to this court by a narrative form of bill of exceptions, and we copy in full the testimony of these two witnesses as it appears in that bill:

"T. C. Oatts testified as a witness for the defendant, Mary Oatts, in substance as follows:

"The defendant, Mary Oatts, is now and was at the time of the execution of the original notes sued upon my wife; we were living at Danville in Boyle County when the original notes were made; we moved back to Pulaski County in August, 1922, where we have since resided. I was the principal in both notes; they were executed for me, the money was placed to my credit in the First National Bank of Somerset, the plaintiff in this action; I was in the oil business at the time and the proceeds of the notes were used by me in that business and in business of my own; my wife, Mary Oatts, was surety for me. She used none of the money received on the notes. I was not worth anything at the time. I do not remember how our names were arranged on the original notes; that is to say, I do not remember which name was first or last. I think the original notes were signed by myself and my mother-in-law, Mrs. Eva Vaughn, as my surety. I would not be certain about this; maybe all three names were on the notes; if so, I was principal and my wife, Mary Oatts, and my mother-in-law, Mrs. Eva Vaughn, were my sureties. These notes have been renewed several times. As I remember they were made about the first of January, 1922, about six or eight months before I left Boyle County and moved to Pulaski County. I have here one previous renewal note. In this note my name T. C. Oatts, is first and the name of my wife, Mary Oatts, appears second. I read this note to the jury and make it a part of the record. It was a renewal of the larger note sued upon. On this note my initials appear below her name and are crossed out, and my name written in full above hers. I do not know why my initials below her name was crossed out. My mother-in-law, Mrs. Eva Vaughn, died a few years ago and the notes were renewed by me as principal with my wife, Mary Oatts, as surety.

"This was all the evidence offered or heard for the defendant, Mrs. Oatts.

"Thereupon the plaintiff, First National Bank of Somerset, Kentucky, introduced as a witness in its behalf Joe H. Gibson of Somerset, Kentucky, who testified as follows:

"I am now and have been cashier of the plaintiff, First National Bank of Somerset, Kentucky, for thirty-five years. I know T. C. Oatts and his wife, Mary Oatts, and I knew Mrs. Oatts' mother, Mrs. Eva Vaughn. The original of the larger note sued upon was executed in July, 1922, and the original of the smaller note was executed about a year later. In the original notes the name of Mary Oatts came first, then T. C. Oatts, and then Mrs. Eva Vaughn. But on renewal notes the name of first one and then the other Oatts appeared first. I have in my hand a copy of the bank records which show the date of the execution of these notes and the manner in which the names first stood. I recognize the note handed to me as a former renewal of the larger note. In it the name of T. C. Oatts is first and that of his wife, Mary Oatts, is second. When Mrs. Vaughn died several years ago the notes were renewed by T. C. Oatts and Mary Oatts. I extended the credit to Mary Oatts. I would not have loaned the money to T. C. Oatts. I do not remember having any conversation with Mary Oatts at any time in regard to the notes. The proceeds of each note were deposited to the credit of T. C. Oatts which constituted the first account he had with the plaintiff bank. I do not remember for what purpose he checked the money out. The defendant, Mary Oatts, did not at the time these notes were executed have any account of her own in the plaintiff bank. She did not have any account of her own until 1924. In the notes sued upon which are renewals of the original notes, the name of Mary Oatts is first and that of her husband, T. C. Oatts, follows on the second line. I knew that T. C. Oatts was not worth anything and I knew that his wife, Mary Oatts, and his mother-in-law, Mrs. Eva Vaughn, were solvent."

The appellant insists that on this evidence she was entitled to a peremptory instruction as requested by her

at the close of the introduction of testimony. We are convinced of the correctness of her position. It will be noted that the testimony as brought to this court in the narrative form it was, and aside from that of the husband as to the character of his wife as surety in this transaction, establishes that the negotiations leading up to the loan for which the two original notes were executed were conducted by the husband, the wife not being present; that the proceeds of the notes were put at once to the credit of the husband and checked out by him; and that the wife had no account at the bank until several years afterwards. It is true that the cashier of the bank said that he extended credit to Mary Oatts, but this statement is not contradictory of the surety relationship on the part of Mary Oatts. The cashier stated that he knew T. C. Oatts was not worth anything. Of course, under such circumstances in taking a note with him upon it as a maker, the bank necessarily did so on the credit of the other party to the note, be that party a comaker or surety. The evidence as reported to this court fails to show any lending of the money to the appellant. The case is not different in principle from the state of case disclosed in Simmons v. Maxey, 242 Ky. 728, 47 S. W. (2d) 530, and it is not nearly so strong as the case of Hines & Co. v. Hays, 82 S. W. 1007, 26 Ky. Law Rep. 967, in both of which cases we held the wife was in fact the surety of her husband, and hence not bound on the notes in question in those cases. See, also, the cases collected at the close of the opinion in the Maxey case, supra.

As said in the case of Crumbaugh v. Postell, 49 S. W. 334, 335, 20 Ky. Law Rep. 1366:

"In transactions of this kind the courts must look to the substance; and, whatsoever the parties themselves may designate or name the undertaking of the wife, if in fact it be an attempted assumption by her of the debt of another she must be held not liable, unless she binds herself in the statutory mode."

On the whole, it is clear from the testimony as brought to this court that the substance of the transaction here in question was a loan of the money to the husband; the wife being in truth his surety for the repayment of it. The court should have peremptorily in-

structed the jury to find for the appellant. The appeal prayed is granted, and the judgment is reversed, with instructions to grant the appellant a new trial in conformity with this opinion.

Whole court sitting.